PATRICK WALL & others *vs.* WILLIAM HICKEY & another.

The defendants having agreed to take a conveyance of land to hold upon an express trust in favor of the plaintiffs, a deed was executed and memoranda of the terms of the trust made and agreed to, to be subsequently drawn up in form for the defendants to sign; in the mean time the defendants were permitted to take the deed, they agreeing to execute the declaration of trust when presented to them, and to record the deed and declaration together; the defendants refused to sign the declaration of trust when it was drawn up, but recorded the deed and claimed to hold the land unincumbered. *Held*, that the delivery of the deed was conditional; that the defendants' conduct was fraudulent, and that relief would be granted in equity.

BILL IN EQUITY, brought by the children of Patrick Wall against their uncles William and Timothy Hickey, alleging that Patrick Wall being seised in fee of a parcel of land in Dorchester conveyed it by mortgage to one Patrick Norton; that it was afterwards sold to one Hannah Clarkson for seven hundred dollars under a power of sale contained in the mortgage; that the land was worth at least thirty-five hundred dollars; that Wall tried to repurchase the land, but that Clarkson refused to sell to him at any price, but agreed that if parties could be found who would pay her a bonus, and take the property and hold it in trust for Wall's minor children, she would convey the premises to such parties upon such conditions; that thereupon Wall applied to William Hickey and Timothy Hickey, who were brothers of Wall's deceased wife, and uncles to his minor children, and asked them if they would advance the necessary sum to buy the property from Clarkson, and take a deed of it in trust for their nephews and nieces; that the Hickeys agreed to advance the necessary funds and hold the property upon such trust; that in pursuance of this agreement, Clarkson, the Hickeys, and Wall proceeded to an attorney's office in Boston for the purpose of carrying out these arrangements and executing the necessary deeds; that a deed was then drawn conveying the premises in fee from Clarkson to the Hickeys and executed by her; that the attorney, after inquiring of the parties on what terms the Hickeys were to hold the premises, noted down in a book, used by him for making minutes of the real estate transactions of his office, memoranda

of a declaration of trust, which he read over to the parties, and to which they all assented, and which the Hickeys agreed to sign, that this declaration of trust was as follows:

" Declaration of Trust. William Hickey and Timothy Hickey, as to estate conveyed by Hannah Clarkson. To manage same, keeping in good repair, &c., and from proceeds of rents repay to themselves the sum of    paid for the premises, with interest thereon semi-annually at $7\frac{3}{10}$ per cent., and thereafter hold the same for the benefit of Mary Ann McNally, wife of Hugh Mc-Nally, Ellen Wall, Michael Wall, Timothy Wall, and Honora Wall, children of Patrick Wall, and Mary Hickey, deceased; and upon youngest of said children reaching twenty-one years, to make over the whole estate to said Mary, Ellen, Michael, Timothy, and Honora in equal portions, discharged of trusts, and meanwhile pay the net income to them in equal shares, except, in case of the minors, they shall apply such portions of their share of said income as they may think proper to their maintenance; and the balance, if any, keep safely invested, and pay over the same on their reaching their twenty-first year, respectively; the children of either of said parties who may have died to take their parents' share."

The bill then alleged that the Hickeys, having paid Clarkson the sum agreed upon, were permitted to take the deed, they agreeing to execute a declaration of trust according to the memoranda when they should be extended, and at the same time to record both the deed and the declaration of trust; that with this understanding the parties separated; that shortly afterwards the attorney wrote out a declaration of trust in accordance with the memoranda, and it was taken to the Hickeys; whether the Hickeys ever executed it or not the plaintiffs were unable to say, " but the records showed that the declaration of trust had never been recorded," and the Hickeys claimed to hold the premises in fee simple, and unincumbered with any trust; that the plaintiffs supposed that the Hickeys held the premises in trust for the children of Wall, since he was permitted to occupy a part of them together with his children, without rent, for nearly two years; but that the Hickeys had since demanded

and collected rent of Wall, and claimed to hold the premises in fee.

The bill prayed that the defendants might be restrained from alienating or incumbering the premises ; that they might be ordered to execute a declaration of trust, and render an account of rents and profits, and for general relief. The defendants demurred to the bill, and the case was reserved by *Morton*, J., upon the bill and demurrer, for the consideration of the whole court.

*P. E. Tucker & H. E. Ware*, for the defendants.

*S. C. Darling & G. H. Tripp*, for the plaintiffs.

WELLS, J. The transaction, as it was intended by the parties engaging in it, was to create an express trust in favor of these plaintiffs, to be declared in writing. That purpose was carried into effect, so far as that a deed of the land to the trustees selected was executed by Clarkson, the money which she was to receive advanced by the defendants, and the terms of the trust arranged and agreed upon. The business was left unfinished at this point, in order that the memoranda of the terms of the trust might be extended in a formal instrument for the defendants to sign. The defendants were permitted to take the deed from Clarkson, upon agreeing to execute a declaration of trust according to the memoranda, when the same should be written out and presented to them, and then to record both the deed and the declaration of trust together. The formal declaration of trust having been prepared and handed to the defendants in due time, they have failed to sign and record it, but have recorded the deed without the declaration, and now undertake to hold the property in fee simple, unincumbered of the trust.

These facts, admitted by the demurrer, show that there never was any such delivery of the deed as would entitle the defendants to hold it, without complying with the condition upon which they were permitted to take it into their manual possession. It was a conditional delivery only. *Mills* v. *Gore*, 20 Pick. 28. *Chandler* v. *Temple*, 4 Cush. 285. *Wheelwright* v. *Wheelwright*, 2 Mass. 447. *Maynard* v. *Maynard*, 10 Mass. 456. The attempt to take advantage of that permission by recording the deed, and to disregard the condition on which alone the defendants received it,

was a breach of good faith, and a fraud in equity, if not so at law. Against such fraud equity will relieve, by intercepting the legal title in the hands of the parties who have thus unfairly acquired it, and either compelling them to release the property to the uses for which it was intended, or to hold it subject to the trust. Story Eq. §§ 330, 768. Browne on the Statute of Frauds, § 94. Kerr on Fraud & Mistake, 47–50 and notes. *Bartlett* v. *Pickersgill*, 1 Eden, 515. *Dixon* v. *Parker*, 2 Ves. Sen. 219, 225. *Walker* v. *Walker*, 2 Atk. 98. *Joynes* v. *Statham*, 3 Atk. 388. *Washburn* v. *Merrills*, 1 Day, 139. *Daniels* v. *Alvord*, 2 Root, 196. *Brainerd* v. *Brainerd*, 15 Conn. 575.

The defendants rely for their protection upon the statute of frauds, and especially upon the provision which forbids the creation or declaration of trusts otherwise than by an instrument in writing. Gen. Sts. c. 100, § 19. But the ground of equitable jurisdiction and interference in this case is not the alleged agreement of the defendants to hold the property for the benefit of the plaintiffs. It is not the enforcement of a trust. The result may be to enforce a trust, or to give effect to an oral agreement concerning an interest in land. But that is incidental, and not as the foundation of the proceedings. Those are based upon the fraud of the defendants in improperly obtaining and recording the deed of the land. To defeat that fraud, the court set aside and vacate the deed. Having thus the authority over the subject matter, it is to be disposed of according to the equitable rights of the parties. The agreement of trust, and the other facts resting in parol evidence, are competent to disclose to the court those equities ; and when they are ascertained they will be protected and secured by such means as may be adapted to the end.

If the defendants have already executed the instrument declaring the trust, it is competent for the court to order it to be surrendered to the plaintiffs, or placed on record for their benefit. *Pierce* v. *Lamson*, 5 Allen, 60. Or they may be required to release the land for the use of the plaintiffs, with such provisions as the court may order for securing to them the repayment of the sum they have advanced.

It is sufficient, upon demurrer, that there is set forth in the bill an equitable ground for relief, within the powers of the court, and properly cognizable by it as a court of chancery.

*Demurrer overruled.*