GEORGE F. GOODE vs. PATRICK J. RILEY.

Middlesex.    March 27, 1891. — May 19, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Equity — Mistake — Reformation of Deed — Extrinsic Evidence.*

A deed may be reformed, although both parties intended that it should be expressed
in the words used, if both parties understood the boundaries to describe a
smaller parcel identified by them than was described in fact.

BILL IN EQUITY, filed in the Superior Court, for the reformation of a deed.  The case was heard by *Sherman*, J., who found that the plaintiff was entitled to a decree; and the defendant alleged exceptions, which, so far as material to the point decided, appear in the opinion.

*A. G. Lamson*, for the defendant.

*G. F. Richardson*, for the plaintiff.

HOLMES, J.    This is a bill in equity for the reformation of a deed.  The judge who tried the case found the following facts proved beyond a reasonable doubt.

The parties, just prior to the execution and delivery of the deed, made and completed an oral agreement, the plaintiff to sell and the defendant to buy a lot of land, situate on the southerly side of Summer Street in Lowell, bounded and described as testified to by the plaintiff, and a warranty deed thereof was to be executed and delivered.  The parties were upon the land together, and then both saw and examined the same, and knew the location, description, and bounds thereof, and the rear line of the premises was then marked by a board fence five feet high, and other monuments, and both parties understood and knew its exact location and limits.  The deed, when executed and delivered, described more land, to wit, about one thousand and thirty-one (1031) square feet to the rear and beyond said board fence, land not owned by the plaintiff, and so much more than was bargained for, and both parties then erroneously supposed and believed that said deed described the land orally agreed upon, and no more.  This mutual mistake of the parties was not discovered until two months or more thereafter.

The court also found that the plaintiff had not been guilty of negligence or laches, and that he was entitled to the relief prayed for, — a decree to reform and rectify said deed.

The only question argued is raised by the defendant's exception to the refusal of a ruling that, if both parties intended that the description should be written as it was written, the plaintiff was not entitled to a reformation. It would be a sufficient answer that the contrary is settled in this Commonwealth. *Canedy* v. *Marcy*, 13 Gray, 373, 377. *Glass* v. *Hulbert*, 102 Mass. 24, 34. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 319. *Wilcox* v. *Lucas*, 121 Mass. 21. *Johnson* v. *Taber*, 10 N. Y. 319. *Bush* v. *Hicks*, 60 N. Y. 298. *Andrews* v. *Andrews*, 81 Maine, 337. *May* v. *Adams*, 58 Vt. 74, 78. *Fuchs* v. *Treat*, 41 Wis. 404. In view of these, among other cases, we shall not follow the elaborate argument which was addressed to us in favor of a different rule, but we will add a few words to explain our opinion somewhat more fully.

When both parties to a conveyance have intended to describe a certain parcel of land identified by their senses and by the words of their previous agreement, and have used words supposed by them to be apt for their purpose, but in fact describing that parcel and something more, the full purport of all their acts taken together is only to convey the parcel intended. And yet that result cannot be reached by way of construction merely. For you cannot prove a mere private convention between the two parties to give language a different meaning from its common one. *Waterman* v. *Johnson*, 13 Pick. 261, 266, 267. *Paine* v. *Woods*, 108 Mass. 160, 170. *Flynn* v. *Bourneuf*, 143 Mass. 277, 278. *Chemical Electric Light & Power Co.* v. *Howard*, 150 Mass. 495. *Millard* v. *Bailey*, L. R. 1 Eq. 378, 382. *Shaw* v. *Wilson*, 9 Cl. & F. 355, 565, 566. *Drummond* v. *Attorney General*, 2 H. L. Cas. 837, 862, 863. It would open too great risks if evidence were admissible to show that when they said five hundred feet they agreed it should mean one hundred inches, or that Bunker Hill Monument should signify the Old South Church. As an artificial construction cannot be given to plain words by express agreement, the same rule is applied when there is a mutual mistake not apparent on the face of the instrument.

Since, then, the instrument must be construed to mean what the words would mean if there were no mistake, evidence of the mistake shows that neither party has purported or been understood to express assent to the conveyance as it stands. It is not necessarily fatal that the evidence is parol which is relied on to show that the contract was not made as it purports on the face of the document to have been made. There was a time when a man was bound if his seal was affixed to an instrument by a stranger, and against his will. But the notion that one who has gone through certain forms of this sort, even in his own person, is bound always and unconditionally, gave way long ago to more delicate conceptions. See, e. g., *Wilson* v. *Powers*, 131 Mass. 539, 540; *Wall* v. *Hickey*, 112 Mass. 171; *McClurg* v. *Terry*, 6 C. E. Green, 225. So it is settled, at least in equity, that this particular kind of parol evidence, that is to say, evidence of mutual mistake as to the meaning of the words used, is admissible for the negative purpose we have mentioned. And this principle is entirely consistent with the rule that you cannot set up prior or contemporaneous oral dealings to modify or override what you knew was the effect of your writing. *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449.

But the effect of the evidence is not to show that no conveyance was made. It is only to show that no conveyance was made of part of the land embraced in the description. Obviously, therefore, it would be most unjust simply to rescind the whole transaction, and in order to do complete justice, the grantor who has used too extensive language should have a reconveyance, to set his title right on the face of the instruments. For, as things stand, a purchaser without notice could hold him to the words which he has used. *Cross* v. *Bean*, 81 Maine, 525. *O'Donnell* v. *Clinton*, 145 Mass. 461, 463. If a purchaser were attempting to insert a parcel left out under similar circumstances, he would be met by the statute of frauds. But there is no such difficulty here. *Glass* v. *Hulbert*, 102 Mass. 24, 35.

The defendant's testimony, although ambiguous, looked toward the conclusion that the price was fixed by the number of feet; but this was denied by the plaintiff, and it does not appear what the judge found to be the fact, or what he did, and no question as to whether an allowance should be made to the defendant is before us.                   *Exceptions overruled.*