WALTER E. SMITH v. THE STATE.

No. 8187.  Decided June 18, 1924.

**1.—Wife Desertion—Insufficiency of the Evidence.**

Where, upon appeal from a conviction of wife desertion, the record wholly failed to show any financial ability on the part of appellant to support his wife, or that his refusal to work and earn money and contribute to her support was through any wilful purpose on his part to bring about such condition, the judgment must be reversed and the cause remanded.

**2.—Same—Requested Charge—Conduct of Wife.**

Upon trial of wife desertion a requested charge instructing the jury that if they believed from the evidence that defendant's wife by reason of her conduct and treatment of him caused him to abandon her, and that this was the direct and approximate cause of his leaving her, they should find him not guilty, should have been given, and a refusal to do so was reversible error.

Appeal from the County Court of Bexar. Tried below before the Honorable Nelson Lytle.

Appeal from a conviction of wife desertion; penalty, ninety days confinement in the county jail.

The opinion states the case.

*Douglas, Carter & Childress,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Bexar County of wife desertion, and his punishment fixed at ninety days in the county jail.

Appellant married a woman several years older than himself and shortly thereafter went away to the world war. He testified that he was gassed while in action in said war and that since his return home had been practically incapable of earning a living. He was charged by information on or about the first day of August, 1922, that he had without justification abandoned, neglected and failed to provide for the support and maintenance of said wife, and that he had left her in destitute and necessitous circumstances. It was shown in the testimony that the parties married in October, 1917 and that they had not had a very happy married life. On the trial both appellant and his wife indulged in testimony mutually criminative. It appears that appellant had been in the government hospital at Kerrville for quite a while and that he had been staying on a ranch for his health receiving a small amount of compensation for what work he could do. He testified that between August, 1922 and the time of the trial he had earned about fifty-five dollars and that the reason he had not earned more was because he could not work; that he was not able to take up hard work. Several witnesses testified to the poor physical condition of appellant, and to the fact that he seemed unable to do hard work. Most of the record seems devoted to a trial of appellant and of his wife for their conduct toward each other during the time they lived together, appellant admitting that on several occasions he had struck her and asserting as justification that she had abused and vilified him and his mother and sisters. Nothing is shown as to the physical condition of prosecuting witness. It seems that when appellant went to the hospital at Kerrville she sold what furniture they had and appropriated the proceeds. She had a married daughter with whom she had stayed a good deal of the time while appellant was in the hospital.

As we view this record it wholly fails to show any financial ability on the part of appellant to support his wife, or that his refusal to work and earn money and contribute to her support was through any wilful purpose on his part to bring about such condition. It was never the contemplation of the statute under which this prosecution is brought that one should be punished as a criminal and incarcerated in jail because of his inability to pay a fine or simply because he did not contribute to the support of his wife. One who is unable to work, or who being able to work, is unable to obtain work, and for either

of these reasons fails to contribute to the support of his wife, could hardly be said to have wilfully deserted or failed to support her.

Appellant sought to have the jury instructed that if they believed from the evidence that his wife by reason of her conduct and treatment of him caused him to abandon her, if he did abandon her, and that if such treatment and conduct on the part of said wife, if any, was the direct and approximate cause of his leaving her, then they should find appellant not guilty. In our opinion this presented a correct proposition of law. It would certainly not be the contemplation of this or any other statute that if a man's wife should be guilty of conduct such as to render their living together as husband and wife insupportable, or that would have supported an action for divorce on his part against her, and he leaves her under these conditions,— that he could be punished for failing to support her. The law imposes mutual obligations upon each member of the marital union, as much upon one to perform his or her part and to meet the duties and obligations imposed by the relation, as upon the other, and the wife will not be permitted to fail or refuse to perform her part, if capable physically of doing so, and then seek to have her husband punished because he does not do what may be deemed to be his part.

Believing the facts in this case of doubtful sufficiency to support the conviction, and that the court should have given the charge mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*