WILLIE J. POPE V. THE STATE.

No. 15641.   Delivered February 1, 1933.
State's Rehearing Denied May 3, 1933.
Reported in 59 S. W. (2d) 390.

The opinion states the case.

*Wilcox & Graves,* and *Sam Burnap,* all of Gergetown, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is willfully neglecting and refusing to provide for the support and maintenance of a child under the age of 16 years; the punishment, confinement in the penitentiary for 2 years.

The testimony of the state was, in substance, as follows: Appellant and his wife had been going together for several months prior to their marriage. Two days before the marriage appellant's wife gave birth to a son. Appellant was the father of this child. Pursuant to his promise, appellant married the mother of the child. They lived together in the home of the wife's father for approximately three weeks, during which time appellant worked for the county. Upon receiving the amount due him by the county, which was about twenty dollars, appellant left his wife and baby, and thereafter contributed nothing to their support. Appellant's wife remained with her father, who took care of her and the baby.

Testifying in his own behalf, appellant declared that he had been advised by two or three men that they had had intercourse with his wife prior to her marriage. He said that he did not know whether he was the father of the child. He testified that after he had learned that his wife had had intercourse with other men he left her. He said that he had married in order that the child might have a name. He declared that he had been unable to get work and consequently had no money. He testified that he would support the child if he had the ability. Further, he testified that his father supported him. Appellant's father was poor. He had several other children. As to his inability to get work and contribute to the support of the child, appellant was corroborated by the testimony of his father and mother.

Two witnesses testified that they had intercourse with appellant's wife prior to her marriage. Appellant's wife denied these acts of intercourse.

The state introduced one of the county commissioners, who testified that he had employed appellant and would have retained him if he had been willing to remain with him.

Bill of exception No. 11 reflects the following occurrence: After appellant's mother had testified that appellant was unable to procure work and could not contribute to the support of the

child, and that she and her husband were unable to give him money, as they had several children dependent upon them, the district attorney asked the witness if she did not have another son that had gotten into the same kind of trouble. The court sustained appellant's objection, and the question was not answered. The district attorney then asked the witness if it was not a fact that she had another son who was paying five dollars a month to some person. He advised the witness not to give the name of the person. Further, he asked her if she and her husband were not furnishing the five dollars that was being paid. Appellant's counsel again objected. The objection was overruled, and the witness answered, in effect, that she had a son who was paying five dollars a month to another person. The opinion is expressed that the testimony was irrelevant and immaterial, and calculated to prejudice appellant. The fact that a brother of appellant had been charged with failure to support his child and required by an order of the court to pay five dollars a month toward its support could shed no light on any issue in the present case.

Appellant defended on the ground that he could not get work, and was unable to support the child. Appellant excepted to the charge of the court because of its failure to submit this affirmative defense. Also he presented a requested instruction on the subject. The court erred in failing to respond to the exception. Smith v. State, 263 S. W., 913; Prock v. State, 244 S. W., 601; Glazener v. State, 36 S. W. (2d) 752.

If another trial be had and the question as to whether the child is legitimate is presented, the court, in framing the charge, should be guided by the holding in Beaver v. State, 256 S. W., 929. Also note should be taken of article 2581, Revised Civil Statutes, 1925.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The state moved for rehearing. Without setting out the grounds at any length, we discuss them. Appellant was a grown man at the time this case was tried. His father and mother were under no sort of legal duty to care for or provide for appellant's wife or her child. The fact that appellant's mother for the defense testified without objection,

on her direct examination, that she and her husband were not able to help appellant take care of said wife and child, would not justify the state, in cross-examination of said mother, over objection, to show either by direct question or indirect admission that the above statement of the witness was untrue. The manner in which the state seems to have gone about this, as reflected in bill of exception No. 11, was to ask said mother, first, if she did not have another son who had gotten into this same kind of trouble; when objection to this question was properly sustained, the state proceeded to at once ask her if she did not have another son named Arthur who was paying five dollars per month to somebody else, and also where Arthur got that five dollars per month, and if witness' husband had not helped Arthur get that five dollars per month, and then have witness admit that her husband had so helped the other son. These matters certainly were improper, and apparently had for their purpose an attempted impeachment of the witness upon an immaterial but hurtful matter, and same were liable to be construed by the jury both as impeaching the mother and as showing that appellant was failing in his duty to his wife and child because he ought to have gotten help from his father for them.

The state's motion calls attention to the fact that appellant's special charge No. 3, which was given, presented appellant's affirmative defense of his inability to contribute to the support of his wife or child, and to the fact that for this reason we were in error in that part of our opinion wherein we said that the court below failed to submit this affirmative defensive issue.

Our statute, article 2581, Revised Civil Statutes, 1925, provides that if a man having a child shall afterward intermarry with its mother, and recognize such child, it shall thereby be legitimated. Appellant married his wife two days after the birth of the child, for failure to support which he is convicted in this case. He testified that he married her to let the child have his name. The wife and both of her parents testified that for three weeks after said marriage appellant lived with the wife and baby. In the case of Beavers v. State, 256 S. W., 929, we stated the law as applicable to the illegitimacy of a child whose father and mother had never married. It is doubtful if what we said there has any application to the case before us.

Believing the case properly reversed for the reasons stated regarding the improper cross-examination of the witness Mrs. Pope as shown in bill of exception No. 11, the state's motion for rehearing will be overruled.

*Overruled.*