## JACKSON v. RICHARDS.

### No. 4142.

Court of Civil Appeals of Texas. El Paso.

Nov. 6, 1941.

Rehearing Denied Nov. 19, 1941.

Lea & Edwards, of El Paso, for appellant.

Cunningham, Ward & Cunningham, of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from the Sixty-fifth District Court of El Paso County. The parties will be described as they were in the trial court.

C. R. Richards, as plaintiff, brought this suit to enjoin the defendant, W. E. Jackson, from closing a roadway some 528 feet in length and 15 to 20 feet wide across a tract of land previously sold and conveyed to the defendant by the plaintiff, and to recover damages. The matter of damages need not be here noticed. The trial was to a jury

and judgment was rendered for the plaintiff on the verdict. From the judgment the defendant has appealed.

The controversy arose as the result of a reservation contained in the deed from plaintiff and his wife to the defendant, dated the 24th day of September, 1937, wherein the lands across which the road runs were conveyed to the defendant, and of a provision of a contract dated the same day.

The provision of the deed is as follows: "And further reserving to the grantors herein, their heirs and assigns, an easement for a roadway as at present located approximately twenty feet in width along the easterly line of Tracts numbered 1 and 2 herein conveyed and extending from the residence of these grantors to the paved County Road above referred to."

The contract recited: "1. First parties have this day conveyed to W. E. Jackson three parcels of land * * * near Canutillo, in El Paso County, Texas, * * *."

Then follow various provisions immaterial to a disposition of this appeal. The provision in controversy is: "4. First parties have reserved a roadway, extending from their residence to the paved county road along the east end of the land conveyed to second parties. It is understood and agreed, however, that this roadway will be abandoned and easement therefor released as soon as the contemplated river straightening program of the U. S. A. is completed and an adequate roadway constructed in that connection which affords first parties convenient ingress to and egress from their residence or property immediately south of that conveyed to second parties."

The defendant alleged in his answer that prior to the execution of the deed and contract the United States Government had, in connection with the straightening of the Rio Grande River channel, built a levee on American territory and on top of which had been built "a good gravel roadway suitable for use by automobiles and other vehicles," which was customarily used by adjacent land owners and the public generally; that both the plaintiff and defendant knew that; that it was understood by both parties that when such project was completed the plaintiff would avail himself of the use of such road as the Government built and would immediately, upon the completion of such road, release the easement reserved; that it was understood by both parties that the provision contained in paragraph 4 of the contract, quoted above, meant that plaintiff would use such road as was built by the Government and accept the same together with whatever rights or permission the Government extended to him with respect thereto; that the levee and road were built and were available to him as understood by the parties. He offered proof in support of the allegations.

Plaintiff took the contrary position, and claimed the road was not a suitable one and did not provide such a road as was provided for in the contract and in contemplation of the parties; that the roadway on top of the levee was some 6 feet above the ground level; only 14 feet wide on top, contained no approaches to it, and was constructed of loose material, which rendered it impractical for his use and dangerous and unsafe for the use of his family, giving the particulars; that the road was posted and the use thereof subject to termination at the will of the Government, etc.

The complaint of the defendant is that the judgment of the trial court fails to follow the verdict of the jury and is contrary to the verdict. In response to a special issue the jury found that on the date the road was barricaded the straightening program was incomplete, and no adequate roadway constructed which afforded plaintiff and his wife convenient ingress to and egress from their residence or property; that the embankment constructed by the Government and the use allowed of it was not such a roadway and use as was contemplated by the parties at the time the contract was executed. The jury further found the defendant and his wife accepted the deed and executed the contract with full knowledge of the reservation and the provision found in paragraph 4. The jury further found that at the time the plaintiff and defendant signed the contract they understood the language in paragraph 4 to mean "that when the United States of America had completed the levee adjacent to plaintiff's Richards' property and extending to the county road in question, and had built a road along the top of said levee, then the plaintiff, Richards, would avail himself of the use of such road as the Government built and would immediately, upon the completion of such road, release the easement for a roadway described in the deed from Richards and wife to Jackson."

The defendant takes the position the finding of the jury last quoted constitutes the verdict one for the defendant, notwith-

standing its other findings, and that the judgment should have been for him. He supports this contention with the proposition found in 10 Tex.Jur., page 277, par. 161, as announced in San Jacinto Oil Co. v. Fort Worth Light & Power Co., 41 Tex. Civ.App. 293, 93 S.W. 173; Humble Oil & Refining Co. v. Reclamation Co., Tex.Civ. App., 58 S.W.2d 1082; Beckham v. Scott, Tex.Civ.App., 142 S.W. 80; Dublin Elec. Co. v. Thompson, Tex.Civ.App., 166 S.W. 113; Texas Pacific Coal Co. v. Harris, Tex. Civ.App., 230 S.W. 237; Benson v. Adams, Tex.Civ.App., 274 S.W. 210, that a party will be bound by that meaning which he knew the other party to the contract supposed the words to bear.

The defendant offered parol evidence to the effect that he was not satisfied with the language found in paragraph 4, and went to the office of the attorney who prepared the contract and who had it, with his (defendant's) attorney, and in the presence of the plaintiff discussed the provision and it was understood it meant what is contended for by the defendant and as found by the jury last quoted.

■ We have read the cases cited. The rule, we think, was properly applied under the facts in those cases. It is a rule of limited application. If it be generally applied, and applied here, it will destroy the security of written contracts and constitute it a means of arriving at the contract sought to be established by parol, rather then as embodied in the writing. As a rule of general application it becomes unsafe and unsound. The defendant still had the opportunity to have the contract he contends here for substituted for that found in paragraph 4 before he signed it. He can*not neglect that opportunity and then be* permitted by parol to contradict the plain language of the written contract and set up one inconsistent therewith. Since writing the above, we find the observations supported by the text found in Sec. 611, Vol. 2, p. 1178, Williston on Contracts, wherein the language of Judge Holmes, found in Goode v. Riley, 153 Mass. 585, 28 N.E. 228, is quoted as follows: "You cannot prove a mere private convention between the two parties to give language a different meaning from its common one. * * * It would offer too great risks if evidence were admissible to show that when they said

500 feet they agreed it should mean 100 inches * * *."

■ The road described in paragraph 4 is: "An adequate roadway * * * which affords first parties convenient ingress to and egress from their residence or property immediately south of that conveyed to second parties." There is no difficulty about the language used. The defendant says it was orally understood that it meant *any* road the Government might build in connection with the straightening program. We think the correct rules applicable here are found in Western Indemnity Co. v. Southern Surety Co., Tex.Com.App., 223 S.W. 179, par. (1); Miliken v. County of Callahan, 69 Tex. 205, 6 S.W. 681; Callaway v. Boroughs, Tex.Sup., 19 S.W. 611; and West v. Hermann, 47 Tex.Civ.App. 131, 104 S.W. 428.

■ Of course, the cardinal rule is to ascertain and give effect to the intention of the parties; that intention, however, is to be ascertained and determined primarily from the terms of the instrument and the language used. Reynolds v. McMan Oil & Gas. Co., .Tex.Com.App., 11 S.W.2d 778. There are many cases to the same effect.

■ The so-called parol evidence rule is also applicable to the situation here. The statement of it as applicable here is found in the recent cases by the Supreme Court of Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977, [2, 3–5], and Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800 [11 and 12], page 805, 127 A.L.R. 1217.

■ The plaintiff has a cross-assignment to the effect the trial court erred in limiting the road to approximately 14½ feet in width and in not extending it to 20 feet. It is clear from the record the road used at the time the deed and contract were made and at the time of the trial is not more than 14½ feet wide. The reservation was for a road approximately 20 feet wide as at present located. If the width were increased it would extend it beyond the present limits as used. We think the trial court properly limited it to that now actually used and in use at the date of the contract and deed. The assignment is overruled.

We find no reversible error, and the judgment of the trial court is affirmed.