**R. P. NEFF et al., Appellants,**

**v.**

**M. H. ULMER, Appellee.**

**No. 7623.**

Court of Civil Appeals of Texas.

Amarillo.

May 30, 1966.

Rehearing Denied June 27, 1966.

Yates & Yates, Abilene, Day & Owen, Plainview, for appellants.

Guilford L. Jones and John A. Burgess, Big Spring, for appellee.

NORTHCUTT, Justice.

This suit was filed in the District Court of Hale County, Texas, by M. H. Ulmer against R. P. Neff; R. E. Neff; A. R. Neff; Elizabeth Neff, a feme sole; Mrs. Eva Lee Adams, and husband, Wallace

Adams; Mrs. Edna Gould and husband, Oscar Gould; Mrs. Vera Stalcup and husband, Harvey Stalcup; Mrs. Mary Hamlin and husband, Clinton Hamlin; and R. E. Neff and A. R. Neff as joint independent executors of the estate of I. H. Neff and wife, Mrs. L. T. Neff, to recover title and possession of certain land in Hale County, Texas, described in the petition as follows: the northwest one-fourth of Section 14, Block JK 2, Certificate 4/636 containing 160 acres of land located in Hale County, Texas. R. P. Neff, R. E. Neff, A. R. Neff, Elizabeth Neff, Eva Lee Adams, Edna Gould, Vera Stalcup and Mary Hamlin were the children of I. H. Neff and wife, Mrs. L. T. Neff.

On February 10, 1953, I. H. Neff and wife L. T. Neff, executed eight separate deeds deeding to each of their children a certain piece of property and acknowledged each deed before Vera Burdick, notary public in and for Coleman County, Texas, on March 11, 1953. The above mentioned property was deeded to Mrs. Della Ulmer as her own separate property and estate. Each deed provided the consideration to be the execution, by the child mentioned in that particular deed, of a $5,000 note payable to I. H. Neff and L. T. Neff in five annual installments. The deeds here mentioned were not delivered but were left with W. Marcus Weatherred, the attorney of I. H. Neff and wife, L. T. Neff, to hold. On March 31, 1958, I. H. Neff and L. T. Neff executed eight separate releases releasing the $5,000 lien mentioned in the particular deed. The releases were acknowledged by I. H. and L. T. Neff on April 3, 1958, before W. Marcus Weatherred, notary public, Coleman County, Texas. The releases were left in the possession of Mr. Weatherred. All of the deeds and releases were filed for record on February 18, 1959, at 10:00 o'clock a. m. Mr. I. H. Neff died in September 1961 and his wife, L. T. Neff, died in December 1961.

It is the contention of M. H. Ulmer that the property above described that was deeded to his wife, Della Ulmer, was their community property at the time of the death of Della Ulmer and since there were no children born to them, he owned the entire 160 acres. The defendants contended the property was the separate property of Della Ulmer and that M. H. Ulmer was entitled to receive only one-half of the 160 acres above set out.

The case was submitted to a jury upon seven special issues. In answer to the issues the jury found that in the summer of 1952 I. H. Neff agreed with Mr. and Mrs. Ulmer to compensate them for the care and support of Ann Ulmer; that it was the intent of I. H. Neff and Mrs. L. T. Neff in executing the deed to the land in question as payment to Mr. and Mrs. Ulmer for the care and support of Ann Ulmer and Mary Hamlin; that it was the intent of I. H. Neff, Mrs. L. T. Neff and Della Ulmer that the $5,000 consideration expressed in the deed be paid out of the rents and revenues of the land in question; that the $5,000 consideration was paid to Mr. and Mrs. I. H. Neff out of the rent and revenues of the land in question; that after the execution of the deed and release in question that Marcus Weatherred held said deed and release in his possession exclusively for the benefit of I. H. Neff and wife; and that Marcus Weatherred did not send the deed and release in question to the county clerk of Hale County for record at the request of I. H. Neff and that it was not the intention and purpose of I. H. Neff and wife in executing and recording the deed and release in question to make a gift of the property in question to Della Ulmer as her separate property and estate. The undisputed evidence is that Mr. Neff directed Mr. Weatherred to send the deeds and releases to the county clerk to be recorded.

Judgment was entered by the court granting M. H. Ulmer title and possession of the property involved and holding that the deed dated February 10, 1953, executed by I. H. Neff and Mrs. L. T. Neff as grantors to Mrs. Della Ulmer as grantee vested title in the land in question in Della Ulmer

as the community property of Della Ulmer and M. H. Ulmer. The judgment further ordered that a writ of possession issue directing the sheriff to seize the property and deliver possession to M. H. Ulmer. The judgment further decreed that M. H. Ulmer recover of and from the defendants and each of them jointly and severally the sum of $9,324.11 as the reasonable value of the use of the lands from and after February 28, 1960, to the 30th day of March, 1962. From that judgment all of the defendants except Mary Hamlin and husband perfected this appeal. Hereafter the defendants, except Mary Hamlin and husband, will be referred to as appellants and the plaintiff as appellee. The interest of Mary Hamlin and husband will not be considered further herein since they did not join in this appeal.

By appellants' fourth, seventh, ninth and thirteenth points of error it is contended that the findings of the jury that it was the intent of Neff and wife in executing the deed to convey the land in question as payment to M. H. Ulmer and Della Ulmer for the care and support of Ann Ulmer and Mary Hamlin; and that it was the intent of the grantors that the $5,000 note was to be paid out of the rent and revenue of the land in question; and that it was paid out of such rent and revenue; and that Mr. and Mrs. Neff did not intend the deed as a gift to Della Ulmer, were so against the great weight and preponderance of the evidence as to be clearly wrong. In considering those assignments of error we must consider and weigh all of the evidence in the case. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We think it is clear under this record that the first time Della Ulmer or M. H. Ulmer could have claimed any right or title to the property here involved was after the deed was filed for record because in order to operate as a transfer of title to the land the deed must have been delivered to them or to some third party for their use and benefit. Cardwell v. Shifflet,

Tex.Com.App., 294 S.W. 519; Anglin v. Cisco Mortgage Loan Co., 135 Tex. 188, 141 S.W.2d 935 and cases there cited.

As to the contention of appellee that it was the intent of Mr. and Mrs. Neff in executing the deed to convey the land in question as payment to Mr. and Mrs. Ulmer for care and support of Ann Ulmer and Mary Hamlin, we believe such contention is in direct conflict with the true record in this case. The conversation had by appellee with I. H. Neff concerning the promise of Mr. Neff to pay appellee for keeping Ann and her mother was prior to the execution of the deed in question. There is no other evidence than that given by appellee as to the intent of Mr. and Mrs. Neff to deed this property to Ulmer in payment for the keep of Mrs. Hamlin and daughter, Ann. There is no evidence in writing of an agreement on the part of I. H. Neff to pay the Ulmers for keeping Ann and her mother. The evidence introduced here as to I. H. Neff agreeing to pay the Ulmers for keeping Ann and her mother was long after Mrs. Hamlin had married and left the home of appellee. The oral agreement to pay the debts of another would not be enforceable under Article 3995, Vernon's Ann.Tex.Civ.St. There was no obligation on the part of I. H. Neff to support Mrs. Hamlin or her daughter. Texas Employers' Ins. Ass'n v. Birdwell, Tex.Civ.App., 39 S.W.2d 159 (writ ref.); Pope v. State, 123 Tex.Cr.R. 576, 59 S.W.2d 390.

One of the general rules for the construction of written instruments, deed included, is that the intention of the grantor gathered from the language of the instrument as a whole must control unless repugnant to some rule of law or contrary to some express provision contained therein. It is stated in Brown v. Payne, 142 Tex. 102, 176 S.W.2d 306, as follows:

"The rule is well stated in Turner et al. v. Montgomery et al., Tex.Com.App., 293 S.W. 815, as to the construction of in-

struments, as follows: 'Through all the rules governing construction of instruments, there runs the central thought of ascertaining the real intention of the parties. In the nature of such inquiry, there can be no fixed rule, for every case, in large measure, depends upon its own facts, context of instrument, and circumstances. Of course it is elementary, if there is no ambiguity, the construction of the written instrument is for the court, and moreover, even in those cases of ambiguous instruments, if the parol evidence is undisputed as to the circumstances, the construction is yet a question of law for the court.'

"See also North v. North, Tex.Civ.App., 2 S.W.2d 481, by Chief Justice Gallagher of the Waco Court for a careful statement of the rule as applied to written instruments generally, including deeds."

█ As shown above, Mr. and Mrs. Neff executed at the same time eight deeds deeding certain property to each of their eight children. In each deed the consideration recited was the execution of a $5,000 note. In each of the deeds to the daughters the notes were to be paid out of the daughters' own separate property and estate. The granting clause in each deed to their daughters provided as follows: "Have Granted, Sold and Conveyed, and by these presents to Grant, Sell and Convey unto said (naming the daughter receiving the particular piece of land described in that deed) as her own separate property and estate." Then the habendum clause stated as her own property and estate. There is no evidence that any of the children ever paid to their father and mother any part of the $5,000 notes mentioned. Appellee did not sign the $5,000 note set out in the deed to his wife, Della Ulmer, but he was told it was not necessary for him to sign the note. It is to be noticed that Mrs. Hamlin was deeded the same amount of property that was deeded to Mrs. Ulmer. As to the contention of appellee and also the findings of the jury that it was the intent of Mr. and Mrs. Neff and Della Ulmer that the $5,000 note was to be paid out of the rents and revenue of the land in question, the undisputed record is to the contrary. It is true the deed provided the note to be paid by Mrs. Della Ulmer out of her own separate property and estate. The deed was never delivered until February 18, 1959, when it became effective and the note was released at the same time and up to that time Mr. Neff had owned the property and received all the income from all of his property.

It is stated in Kelly v. Womack, 153 Tex. 371, 268 S.W.2d 903, as follows:

"It is a cardinal principle that the intention of the grantor shall govern. ' "The judicially ascertained intent of a conveyor is normally determined by the language employed in the conveyance, read as an entirety and in the light of the circumstances of its formulation." ' "

The circumstances here clearly show that Mr. and Mrs. Neff were seeking to provide each of their children a home by making the deeds all at the same time and all under the same conditions.

It is stated in Pacific Mutual Life Insur. Co. v. Westglen Park, Inc., 160 Tex. 1, 325 S.W.2d 113, as follows:

"The cardinal rule of construction of unambiguous contracts is to ascertain the intention of the parties as expressed in the language used in the instrument itself. Citizens National Bank in Abilene v. Texas & Pacific R. Co., 136 Tex. 333, 150 S.W.2d 1003; Jackson v. Richards, Tex.Civ.App., 157 S.W.2d 982, writ ref. This intention is determined from the language of the instrument itself. Reconstruction Finance Corporation v. Gossett, 130 Tex. 535, 111 S.W.2d 1066. The language of the contract is the determinant of the nature and extent of the obligation. Citizens National Bank in Abilene v. Texas & Pacific R. Co., supra."

See also Dallas Joint Stock Land Bank v. Harrison, 138 Tex. 84, 156 S.W.2d 963.

In the case of Janes v. Gulf Production Co., Tex.Civ.App., 15 S.W.2d 1102 (writ ref.) it was held that where a deed by certain of its terms manifests an intent to make the property the separate estate of the wife the presumption of community title disappears absolutely and all the other language of the deed must be made to effectuate that intent when it is reasonably susceptible by that construction.

We think the case of Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529, is directly in point here where it is stated:

"We agree with the holding of the Court of Civil Appeals that the recitals in the deeds from J. S. Moore and wife to Mrs. Mary Rives, above quoted, prima facie constituted the land thereby conveyed the separate property of Mrs. Rives. Each of such deeds recited that the consideration paid, and to be paid, by Mrs. Rives was 'out of her own separate property, funds and estate, * * *.' It is then recited in each deed that $737.50 was paid in cash and $1475.00 was to be 'represented by Five (5) * * * notes * * *, executed by the Grantee herein * * *.' The grantee was Mrs. Mary Rives. It thus appears that each of the deeds recited that $737.50 was paid in cash by Mrs. Rives out of her separate property and estate, and that the five notes executed alone by Mrs. Rives were also to be paid out of her separate estate. Such deeds prima facie show that at the very time Mrs. Rives acquired the land thereby conveyed, she took the entire title in her separate right, and not in community. Lusk v. Parmer, supra, [Tex. Civ.App., 87 S.W.2d 790,] and authorities there cited; Speer's Law of Marital Rights in Texas, 3d Ed., p. 515, sec. 429, and authorities there cited."

In considering the deed alone there is no other interpretation that could be rightfully given than the property here in question was the separate property of Della Ulmer. We have carefully considered all of the evidence herein and sustain ap-

pellants' points of error four, seven, nine and thirteen and hold that the findings of the jury are so against the great weight and preponderance of the evidence as to be clearly wrong. Since we are of the opinion the case should be reversed and remanded, we will not pass upon other assignments presented by appellants. As to the ownership and possession of the property here involved, judgment of the trial court is reversed and remanded.

Judgment of the trial court is in all things reversed and remanded.