MICHAEL REDER *vs.* JOSEPH KUSS & others.

Bristol.   April 7, 1966. — June 6, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Equity Jurisdiction,* Mistake, Reformation.  *Evidence,* Extrinsic affecting writing.

In a proceeding in equity it was not a violation of the parol evidence rule to show that two purchasers of real estate both intended that it be so held that the survivor of them would become the sole owner, but that by mutual mistake the property was conveyed to them as tenants in common; and upon a finding of such facts on adequate evidence after the death of one of them it was proper to enter a decree ordering the heirs of the decedent to convey all interest in the property to the survivor.

PETITION IN EQUITY filed in the Probate Court for the county of Bristol on January 19, 1962.

The case was heard by *Mullaney, J.*

*David Entin* for the respondents Joseph Kuss & others.

*Anna F. McManus* for John A. Reder, administrator.

*William A. Torphy & Frederic J. Torphy,* for the petitioner, submitted a brief.

SPIEGEL, J.  This is an appeal from a decree of the Probate Court ordering the respondents, who are the heirs at law of one Anna Kuss, to convey to the petitioner all of their right, title and interest in certain real estate which stood in the names of the petitioner and Anna Kuss "as tenants in common."  The trial judge made a "voluntary report of material facts," and the evidence is reported.

The petitioner testified through an interpreter that he spoke Polish and "[n]ot much" English.  There was evidence that the petitioner was seventy-six years old and in 1914 he had come to the United States from Poland.  In 1928 he went with Anna Kuss to a lawyer of "Polish extraction" to "make the agreement" concerning the premises in question and the petitioner spoke to the lawyer in

Polish. He told the lawyer that he was buying the property "so that it would be him and her." The property was purchased by a deed dated June 19, 1928, for the sum of $15,200. Sixty-two hundred dollars was paid in cash, of which sum the petitioner paid $4,600 (which he withdrew from his account in a savings bank) and Anna Kuss paid $1,600. "[T]hey both assumed a mortgage for $9,000 to make the $15,200. The petitioner testified that "[t]here was talk and understanding that if he [the petitioner] died she [Anna Kuss] would get the property." After the purchase Anna lived in a tenement on the property with her mother. The petitioner also lived there. He managed the property, and paid for repairs, taxes, insurance and other costs of maintenance out of his own funds. Anna died in December, 1961. John Reder, a nephew of both the petitioner and Anna Kuss, testified that shortly before she died, Anna Kuss told him that she said to the petitioner, "After I am gone, the house is yours," and "You will have both houses when I am gone and you will have the social security to take care of yourself." Various relatives of Anna Kuss offered testimony which was inconsistent with the foregoing.

The judge found that the petitioner "was certain in his own mind that having both names on the deed was all that was sufficient to insure having the property pass to him if Anna Kuss died, and that she believed the same thing." The judge further found that "there was a mutual mistake, made by non-English speaking, uneducated immigrants, who, in many respects, acted like a married couple, and both of them expected to become sole owner of the property if the other died."

The respondents contend that the findings of the judge are incorrect, and that "there is not an iota of evidence that Anna Kuss thought she was entering into any agreement other than that set out in the deed." We are of opinion that the evidence supports the findings of the judge.

The respondents also contend that "the lower Court was in error as a matter of law in admitting extrinsic evidence

to vary, alter and contradict the terms of a complete and integrated written instrument, thus violating the parol-evidence rule."

In *Goode* v. *Riley,* 153 Mass. 585, 587, Mr. Justice Holmes said, "[I]t is settled, at least in equity, that this particular kind of parol evidence, that is to say, evidence of mutual mistake as to the meaning of the words used, is admissible" to show "that neither party has purported or been understood to express assent to the conveyance as it stands."

"[T]he reformation of instruments that fail to express the agreement and intention of the parties" is "a familiar branch of equity jurisdiction." *Raymond* v. *Jackson,* 297 Mass. 509, 512. "[A] mistake in the legal effect of a description in a deed, or in the use of technical language, may be relieved against, upon proper proof." *Canedy* v. *Marcy,* 13 Gray, 373, 377. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 319. *Holdsworth* v. *Tucker,* 143 Mass. 369, 375. *Goode* v. *Riley,* 153 Mass. 585, 587. *Franz* v. *Franz,* 308 Mass. 262, 266. See *White* v. *White,* 346 Mass. 76, 80.

*Decree affirmed.*