BARBARA S. GIFFORD & another *vs.* FRANK T. GIFFORD.

Suffolk. April 4, 1968. — May 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Mistake. Evidence,* Extrinsic affecting writing.

In an action to recover periodic payments called for by a comprehensive written contract, where the defence was that the amount of such payments was to have been smaller than that specified in the contract, the defendant failed to show any misapprehension as to the

contract on the part of the plaintiff and so was not entitled to relief on the ground of mutual mistake, and, by reason of the parol evidence rule, was not entitled to show that prior to the execution of the written contract he and the plaintiff had orally agreed on the smaller amount.

CONTRACT. Writ in the Municipal Court of the City of Boston dated August 2, 1966.

Upon removal to the Superior Court, the action was heard without jury by *Noonan,* J.

*Edward B. Ginn* for the defendant.

*Weld S. Henshaw* for the plaintiffs.

WILKINS, C.J. This action of contract is to enforce a separation agreement, dated May 24, 1955, which was made through trustees in contemplation of divorce. The agreement provided that on the first day of every month following the entry of a decree nisi the husband would pay the wife for her support $100 and "this payment will be increased to . . . $200" after both of their two children should reach the age of twenty-one years. The decree nisi was entered on June 23, 1955. The younger child, Pamela, became of age on December 3, 1965. This action is to recover (1) two monthly payments of $100 for the support of Pamela during the last two months before the latter date; (2) two monthly payments of $100 for the same two months for the support of the wife; and (3) eight monthly payments of $200 for her support in 1966. The judge found for the plaintiffs for the full amount claimed.

The defendant's exceptions raise the question of a supposed mutual mistake as to the increase in payments to $200. His offers of evidence to show through himself and the plaintiff wife, but not through the trustees, both lawyers who were present at the execution of the agreement, that the wife and he prior to the execution of the written agreement had orally agreed on payments of $100 were excluded.

There was no error. "The general rule is that, in the absence of fraud, one who signs a written agreement is bound by its terms whether he reads and understands it or not or whether he can read or not." *Cohen* v. *Santoianni,* 330 Mass. 187, 193, and cases cited. Here there was no effort

to show any mistake as to the meaning of the words used or in the use of technical language. See *Reder* v. *Kuss,* 351 Mass. 15, 16–17. There is nothing to substantiate the claim that the wife was under any misapprehension as to the contract. The defendant, therefore, is not entitled to relief on the ground of mutual mistake. *Barrell* v. *Britton,* 252 Mass. 504, 508. *Stevens* v. *William S. Howe Co.* 275 Mass. 398, 400. *Eno* v. *Prime Mfg. Co.* 317 Mass. 646, 650. What the defendant has attempted is to eliminate the $200 provision by showing a previous or contemporaneous oral agreement. See *Freeman* v. *Sieve,* 323 Mass. 652, 654–655. The writing shows on its face that it includes the whole agreement of the parties. The existence of an inconsistent oral agreement relating to the same subject matter cannot be shown by parol. *Glackin* v. *Bennett,* 226 Mass. 316, 319–320. *Berman* v. *Geller,* 325 Mass. 377, 379–380. *Schuster* v. *Baskin, ante,* 137, 141. See *Arthur A. Johnson Corp.* v. *Commonwealth,* 318 Mass. 88, 93.

*Exceptions overruled.*