Homer Wayne BLALOCK, Sr., et ux., Appellants,

v.

Deborah Sue BLALOCK, Appellee.

No. 1711.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 23, 1977.

O. Joseph Damiani, Houston, J. Michael Cunningham, Midland, for appellants.

William E. Steen, Anderson, for appellee.

COULSON, Justice.

This is an appeal from that part of a divorce decree which ordered grandparents to make monthly payments for the support of their grandchildren. Since there is no legal basis for the imposition of such an obligation, we reverse and remand.

Homer Wayne Blalock and Deborah Sue Blalock were married in 1971; they had two children. In 1976 Mrs. Blalock filed a suit seeking divorce. During the pendency of that suit, Mr. Blalock's parents, Homer Wayne Blalock, Sr. and Eva Nell Blalock (the grandparents), intervened to establish their right of access to the two children. As part of its decree of divorce the trial court appointed the grandparents and their son, Mr. Blalock, co-possessory conservators and ordered the grandparents to pay one hundred dollars each month for the support of the children and ordered the father to pay two hundred dollars a month. The grandparents appeal from that portion of the decree which orders them to pay child support.

There is no common law requirement that grandparents provide support for their grandchildren. *Bee v. Robbins,* 303 S.W.2d 827 (Tex.Civ.App.—Dallas 1957, no writ); *see Pope v. State,* 123 Tex.Cr.R. 576, 59 S.W.2d 390 (1933); *Neff v. Ulmer,* 404 S.W.2d 644 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.). Moreover, no such requirement has been imposed by statute. Section 14.05 of the Texas Family Code, under which a court may order child support, is limited to "either or both parents."

The grandparents' intervention in this case and their acquisition of access rights did not serve to create a general duty to support the children. Undoubtedly, possessory conservators are required to provide for a child during the period of possession, but their duties are limited to that period. Tex.Family Code Ann. § 14.04 (1975).

We hold that appointment as a possessory conservator of a child does not create a general obligation to support the child and the trial court erred in ordering child support on the basis of such an appointment. Since the record in this case does not mention the existence of a voluntary agreement, we do not reach the question of whether a general obligation could be imposed on that basis.

The part of the divorce decree requiring the grandparents to pay child support is reversed, and the case is remanded for a determination of the amount of child support the father should pay in light of this order.