ALEXANDER B. WELD *vs.* HILDA H. TRAFTON, executrix. September 4, 1980. This is an appeal from what purports to be a judgment entered by the clerk of the Superior Court under Mass. R. Civ. P. 58(a), as amended, 371 Mass. 908 (1976), on findings and rulings that a note for $62,000 was "valid and enforceable." The findings and rulings were made after a trial held pursuant to the allowance of a motion to try the issues of the validity and enforceability of the note separately from other issues in the case — presumably under Mass. R. Civ. P. 42(b), 365 Mass. 805 (1974). See 9 Wright & Miller, Federal Practice and Procedure § 2387 (1971). Compare 3A Moore's Federal Practice par. 21.05[2] (2d ed. 1979). Since other claims remain, a final judgment on the note could be entered "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). Since no such determination or direction appears, and since the power of the clerk under Mass.R.Civ.P. 58(a) is "[s]ubject to the provisions of Rule[ ] 54(b)," the judgment was improvidently entered; it must be vacated and the appeal dismissed. See *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.,* 9 Mass. App. Ct. 250 (1980).

We note that the evidence and the findings of the trial judge clearly and convincingly (see *Covich* v. *Chambers,* 8 Mass. App. Ct. 740, 747-748 [1979]) establish that the phrase "3288 shares of common stock in said Lecomar, Inc." used in the document executed at the closing by the plaintiff and Edwin Trafton, deceased (hereinafter referred to as the defendant), in which the plaintiff acknowledged receipt of $15,000 and the $62,000 note and which recited that in consideration therefor the plaintiff "do[es] hereby transfer and assign the 3288 shares of common stock in said Lecomar, Inc. to the [defendant]," was based on a mutual mistake of fact. "[T]he words used in the instrument of transfer resulted in a situation which was materially at variance with their common intention." *White* v. *White,* 346 Mass. 76, 80 (1963). *Reder* v. *Kuss,* 351 Mass. 15, 17 (1966). *Fireman's Fund Ins. Co.* v. *Shapiro,* 286 Mass. 577, 582 (1934). *Dickman* v. *McClellan,* 302 Mass. 87, 89 (1939). See generally, *Covich* v. *Chambers,* 8 Mass. App. Ct. at 748-749. The judge thereupon found on parol evidence (see *Goode* v. *Riley,* 153 Mass. 585, 587 [1891]; *Martin* v. *Jablonski,* 253 Mass. 451, 453 [1925]) that the defendant "intended to purchase the stock holding of the Weld group [the plaintiff and his family] to enable [the defendant's son] and [the defendant] to control and operate Lecomar, Inc. and for all intents and purposes this was accomplished, except that [the defendant] did not pay the $62,000.00 promissory note."

The defendant's contentions as to the stock certificates are irrelevant or without merit or both. See, e.g., *Stuart* v. *Sargent*, 283 Mass. 536, 542 (1933); *Herbert* v. *Simson*, 220 Mass. 480, 481-482 (1915); G. L. c. 106, § 8-316. There was no failure of consideration. *First Natl. Bank* v. *Mathey*, 308 Mass. 108, 116 (1941). See G. L. c. 106, § 3-408; *Leonard* v. *Woodward*, 305 Mass. 332, 336 (1940).

*Judgment vacated.*

*Appeal dismissed.*

*Irvin M. Davis* (*Peter F. Davis & Richard H. Davis* with him) for the defendant.

*Thomas V. Urmy, Jr.* (*Fernande R. V. Duffly* with him) for the plaintiff.

