AGNES N. ALBANO, trustee, *vs.* CITY NATIONAL BANK OF CONNECTICUT. March 18, 1981. There was no error in the summary order which was entered in the Superior Court on December 16, 1976, by which a judge of that court determined that two mortgage notes which are the subjects of this action "do not violate . . . (G. L. c. 271, § 49), and are, with respect to principal and interest, valid and enforceable obligations of their makers." 1. The notion that the rights of the parties are governed by the usury laws of Connecticut is contrary to what appears to have been intended by the original parties to the notes (see, e.g., *Thomas G. Jewett, Jr. Inc.* v. *Keystone Driller Co.*, 282 Mass. 469, 475 [1933]) and is expressly rejected by the provisions of the last sentence of Conn. Gen. Stat. § 37-3a (1972). 2. It is clear (a) from the undisputed facts set out in the Corbett affidavit, (b) from the attachments to that affidavit, and (c) from the admissions found in the Albano affidavit of November 22, 1976, that relevant notices which satisfied the requirements of G. L. c. 271, § 49(*d*) (inserted by St. 1970, c. 826), were on file with the Attorney General prior to the times when the net proceeds of the loans were disbursed from escrow. It is equally clear from the Secor affidavit that the lender kept records of both transactions which satisfied the requirements of § 49(*d*). Accordingly, both loans and the agreed interest rates thereon were immune from attack under the provisions of G. L. c. 271, § 49(*c*) (also inserted by St. 1970, c. 826). Contrast *Begelfer* v. *Najarian*, 381 Mass. 177 (1980); *Beach Assocs.* v. *Fauser*, 9 Mass. App. Ct. 386 (1980). However, the formal judgment which was also entered on December 16, 1976, must be vacated and the appeal therefrom dismissed because the defendant's counterclaim has not been disposed of and because there has been no compliance with the requirements of Rule 54(b) of the Rules of Civil Procedure, 365 Mass. 821 (1974). See *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250 (1980); *Weld* v. *Trafton*, 10 Mass. App. Ct. 879 (1980).

*Judgment vacated.*

*Appeal dismissed.*

The case was submitted on briefs.

*Joseph F. Ryan* for the defendant.

*William M. O'Brien & Michael W. Albano* for the plaintiff.