**James Douglas HOPKINS, Appellant,**

v.

**Kathryn Patricia HOPKINS, Appellee.**

**No. 13–92–111–CV.**

Court of Appeals of Texas,
Corpus Christi.

April 1, 1993.

Lane D. Thibodeaux, Bryan, for appellant.

Jay B. Goss, Bruchez, Goss, Thornton & Meronoff, Bryan, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr., and GILBERTO HINOJOSA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

James Douglas Hopkins appeals from a divorce decree containing provisions for conservatorship of the marriage's three children. By two points of error, he complains that the trial court abused its discretion by failing to appoint him possessory conservator of the children and by imposing greater restrictions and limitations on his possession of and access to the children than are necessary to protect the children's best interest. We reverse only that part of the trial court's decree concerning conservatorship and remand the case to the trial court for further proceedings.

Appellant and appellee were married on September 30, 1985, and separated on or about November 23, 1990. Appellant and appellee have three sons, the eldest being born on May 25, 1986, and the youngest being born on November 18, 1990.

On November 28, 1990, appellee filed an application for a protective order in the County Court at Law No. 1 of Brazos County, requesting the trial court to order appellant to pay child support and to prohibit appellant from committing acts of family violence, from communicating with appellee or members of her household, and from interfering with appellee's possession of the children. The trial court signed an ex-parte temporary protective order on November 28, 1990, and ordered appellant to appear before it on December 11, 1990. Appellant appeared as ordered, and the trial court heard evidence. On December 18, 1990, the trial court signed a protective order restraining appellant from committing acts of family violence, communicating with appellee or members of her household, and interfering with appellee's possession of the children. The trial court appointed appellant temporary possessory conservator of the children and granted appellant possession of the children for a two hour period on alternate Saturdays. Appellee was ordered to surrender the children to appellant at the public library, and appellant was ordered to return the children to appellee at the public library. Appellant was further ordered to report for counseling services, to submit himself to prescribed treatment, and to attempt to gain employment. The trial court ordered that the protective order be effective through December 11, 1991, unless otherwise ordered by the trial court or another court having jurisdiction under TEX.FAM.CODE ANN. § 71.13 (Vernon Supp.1993).

On January 30, 1991, appellee filed a petition for divorce in the County Court at Law No. 2 of Brazos County, alleging that the marriage had become insupportable because of discord or conflict of personalities and appellant's cruel treatment of her. Appellee requested the trial court appoint her as the children's managing conservator. The protective order case was transferred to the County Court at Law No. 2 and consolidated with the divorce case. On June 13, 1991, the trial court heard evidence and then recessed the case to allow further evidence to be produced. The hearing was resumed on December 5, 1991, and on that day the trial court entered a final decree of divorce, appointing appellee managing conservator of the three children. The trial court refused to appoint appellant possessory conservator and refused to allow appellant to have possession of the children. Nevertheless, the trial court allowed appellant to have access to the children during two hours every other Sunday under the supervision of two competent adults to be designated by appellee. On January 2, 1992, the trial court amended the divorce decree to legally change appellee's name.

By his first point of error, appellant complains that the trial court abused its discretion by failing to appoint him possessory conservator of the children.

"The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to a child." Tex.Fam. Code Ann. § 14.07(a) (Vernon Supp.1993). Trial courts have wide discretion in determining what is in the best interest of the child. *Weimer v. Weimer*, 788 S.W.2d 647, 650 (Tex.App.—Corpus Christi 1990, no writ). The trial court's judgment regarding what serves the best interest of the children with regard to child support and visitation, specifically the establishment of the terms and conditions of conservatorship, is a discretionary function of the trial court and will only be reversed upon a determination that the trial court has abused its discretion. *Thompson v.*

*Thompson*, 827 S.W.2d 563, 566 (Tex. App.—Corpus Christi 1992, writ denied); *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex.App.—Corpus Christi 1990, writ denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990).

If a managing conservator is appointed for a child, the court may appoint one or more possessory conservators and set the time and conditions for possession of or access to the child by the possessory conservators and others. Tex.Fam.Code Ann. § 14.03(a) (Vernon 1986). The court *shall* appoint as a possessory conservator the parent who is not appointed as a sole or joint managing conservator *unless* it finds that parental possession or access is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child. Tex.Fam.Code Ann. § 14.03(d) (Vernon Supp.1993) (emphasis added). A possessory conservator's rights, privileges, duties, and powers are subject to any limitations expressed in the decree. Tex.Fam. Code Ann. § 14.04 (Vernon 1986).

The trial court, on request, filed findings of fact and conclusions of law. The trial court found that appellant was previously convicted for delivering marihuana, that he physically and emotionally abused appellee and the children, that he neglected the children when they were in his care, that he forced appellee and the children to live in an "unsanitary and inadequate home environment," that he "has behaved in an erratic and sometimes bizarre manner," and that he missed scheduled visits with the children. The trial court further found:

26. It would not be in the best interest of the children for Respondent to be appointed Possessory Conservator of the children.

27. Respondent's possession of or access to the children would endanger their physical or emotional welfare unless such possession and access is strictly supervised, time-limited and controlled.

The restrictions imposed by the Amended Decree of Divorce do not exceed those required to protect the best interest of the children.

■ The Family Code does not define the terms "possession" and "access." The Family Code does not distinguish between supervised and unsupervised "access" or supervised and unsupervised "possession" when it declares that a trial court has a duty to appoint a parent as a possessory conservator of a child. TEX.FAM.CODE ANN. § 14.03(d). When a statute does not define a term, we apply the term's ordinary meaning. *Hopkins v. Spring Indep. School Dist.*, 736 S.W.2d 617, 619 (Tex.1987); *Alexander v. State*, 803 S.W.2d 852, 855 (Tex. App.—Corpus Christi 1991, writ denied). We consult generally accepted sources for common and legal definitions of words. *Alexander*, 803 S.W.2d at 855.

"Access" means:

freedom of approach or communication; or the means, power, or opportunity of approaching, communicating or passing to and from ... "Access" to property does not necessarily carry with it possession.

BLACK'S LAW DICTIONARY 13 (5th ed. 1979).

"Possession" means:

the detention and control, or the manual or ideal custody, of anything which may be the subject of property for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name. Act or state of possessing. That condition of facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons.

BLACK'S LAW DICTIONARY 1047 (5th ed. 1979).

■ Children are not property; however, they are subject to control by their parents and conservators. The distinction we glean between "access to" and "possession of" children is the distinction between access to and possession of property.

■ A person with rights of "access to" children may approach them, communicate with them and visit with them, but may not take possession or control of the children away from the managing conservator. A person with rights to "possession of" children may exercise possession and control of the children, to the exclusion of all other persons including the managing conservator, during periods of possession. A person with rights of possession of children also has rights and responsibilities toward their care and behavior. *Cf. Blalock v. Blalock*, 559 S.W.2d 442, 443 (Tex.Civ. App.—Houston [14th Dist.] 1977, no writ) (possessory conservator has duty to provide for child during periods of possession but the duty is limited to those periods).

■ The Family Code thus gives trial courts only two options after appointing one parent sole managing conservator. If the trial court finds that the best interest of the child is served by granting the other parent possession of or access to the child, then it has no discretion and *must* appoint that parent a possessory conservator. If the trial court finds that it is *not* in the best interest of the child for the other parent to have possession of or access to the child and additionally finds that such possession of or access to the child would endanger the physical or emotional welfare of the child, then the court has discretion to either appoint or refuse to appoint that parent as a possessory conservator.

Our reading of TEX.FAM.CODE ANN. § 14.03(d) does not restrict a trial court's ability to formulate a decree that it finds will serve the best interest of the child. Since the best interest of the child controls questions of conservatorship, the Family Code grants the trial court broad discretion in defining the rights, duties, privileges, and responsibilities of a parent it appoints a possessory conservator. TEX.FAM.CODE ANN. § .14.04. If the trial court appoints a possessory conservator, it may grant, deny, restrict or limit the possessory conservator's possession of or access to the child, and may grant, deny, restrict or limit any rights, privileges, duties and responsibilities with respect to the child as are necessary to protect the child's best interest. TEX.FAM.CODE ANN. § 14.03(d). The trial

court may, for example, appoint the parent a possessory conservator and deny that parent any access to or possession of the child, if it finds that such limitations are in the best interest of the child.

However, if the trial court *refuses* to appoint the parent a possessory conservator, it can do so only after finding neither possession nor access to be in the child's best interest and additionally finding that parental possession or access would endanger the physical or emotional welfare of the child. These findings preclude the trial court granting the parent any possession of or access to the child, whether supervised or not.

■ The trial court's judgment grants appellant some access to the children, indicating that the trial court found limited, supervised access to be in the best interest of the children. This finding alone is sufficient to compel the trial court to appoint appellant possessory conservator under TEX.FAM.CODE ANN. § 14.03(d). We hold the trial court abused its discretion by refusing to appoint appellant a possessory conservator of the children. We sustain appellant's first point of error.

■ By his second point of error, appellant complains that the trial court abused its discretion by imposing limitations on his possession of and access to the children that are greater than those necessary to protect their best interest.

We disagree. The evidence shows that appellant has been convicted of delivery of controlled substances, used drugs in front of the children, physically abused appellee when she was eight months pregnant with their youngest child, physically assaulted her on other occasions, causing fluid to seep from her ear and separating her ribs, twice threatened appellee with a gun, denied appellee and the oldest child medical attention, and hit the oldest child on numerous occasions and yanked him around by the ear to discipline him. The evidence also shows that appellant would neglect to feed or bathe the children when they were in his care. He would leave them alone in the car or at home when he would go to the hospital to visit appellee. The oldest child suf-

fered a head injury while in appellant's care, and appellant denied him medical attention. On another occasion, appellant left the oldest child alone in the car, and the child started the motor.

Furthermore, appellant kept the house in an unsanitary condition, breeding cats in the bathroom, making it unusable for any purposes other than evacuation. He kept Doberman pinschers in the yard, making the yard unsafe for the children. He behaved erratically, claiming that someone lived in the attic and was trying to poison their food. He made appellee and the children stand at one end of the house to catch that certain someone as he chased him out of the house. Appellant once appeared at appellee's prenatal clinic and requested the clinic analyze a sample of dirt which he claimed was infested with bugs which grew on his doors and were crawling on him. Appellant also claimed that someone was going into his house and cutting him. He attributed needle marks on his arms to dog bites and parasites. In one particularly ominous incident, appellant woke from a nap to discover the oldest child's face covered with blood. Appellant's probation officer opined that appellant killed a cat and smeared the blood around, although appellant claims to have no knowledge of the blood's source.

Given this evidence, we do not hesitate to find that the trial court did not abuse its discretion by restricting appellant's access to the children to short hours, in a public place, and under supervision. We overrule appellant's second point of error.

While the trial court's findings and conclusions imply that some access between appellant and the children is in the children's best interest, we will not reverse and render a decision that appellant be appointed their possessory conservator. A possessory conservator has statutory rights and responsibilities, which rights and responsibilities may be expressly limited by the decree appointing him possessory conservator. TEX.FAM.CODE ANN. § 14.04. The trial court found that the best interest of the children would not be served by granting appellant those rights or by im-

pressing upon him those duties. We are not in a position to make an opposite determination or to determine what limitations to the rights and responsibilities of a possessory conservator would be in the children's best interest. As the trial court's findings are contradictory, we will not render a decision in its stead. Rather, we remand the case to the trial court so that it may determine whether appellant's access to the children is in the children's best interest, and if so, what limitations to appellant's rights as possessory conservator are in the children's best interest.

We REVERSE only that part of the trial court's decree concerning conservatorship and REMAND the case to the trial court for further proceedings.