NUMBER 13-99-137-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


E. C., JR. AND S. C., MINOR CHILDREN,

BY AND THROUGH THEIR GUARDIAN

AD LITEM, LILIA A. GONZALES, Appellants,


 v.


GEORGE GRAYDON AND ISABEL GRAYDON, Appellees.

____________________________________________________________________


On appeal from the 103rd District Court of Cameron

County, Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 Appellants, E.C., Jr. and S.C., minor children, by and through their
guardian ad litem, Lilia A. Gonzales, appeal from the trial court's
judgment in a Suit Affecting the Parent-Child Relationship. The
biological parents of E.C., Jr. are E.C., Sr. and Elvia Zavala. E.C., Sr.
was appointed Managing Conservator of E.C., Jr. when Elvia Zavala's
parental rights were terminated. E.C., Sr. married Maria Sanchez
(Maria) in 1989. In 1990, S.C. was born to Maria and E.C., Sr. 
Appellees, George and Isabel Graydon are the paternal grandparents of
E.C., Jr. and S.C. In 1992, E.C., Sr. was sentenced in New York to three
life sentences in prison.

 By three issues, appellants contend: (1) the trial court erred in
denying a continuance to Maria's attorney; (2) the trial court erred in
signing a judgment which denied E.C., Jr. the right to spend Mother's
Day with Maria; and (3) the trial court erred and abused its discretion
by awarding the Graydons a standard possession order, rather than
reasonable access to S.C. 

 As to E.C., Jr., we affirm the trial court's judgment. As to S.C., we
reverse the trial court's judgment that the Graydons have a standard
possession order and remand that part of the case to the trial court for
further proceedings consistent with this opinion.

1. Background and Procedural History


 On August 13, 1996, the Graydons filed their First Amended
Original Petition in Suit Affecting Parent-Child Relationship. In the
petition, the Graydons sought managing conservatorship of E.C., Jr.
and possessory conservatorship of S.C. E.C., Sr., by affidavit,
consented to the filing of the action.

 On August 14, 1996, the trial court issued temporary orders
appointing Maria Temporary Managing Conservator of E.C., Jr., and
Isabel Graydon Temporary Possessory Conservator. On August 19,
1996, the trial court appointed Janet Leal guardian ad litem of E.C., Jr.
and S.C. On December 17, 1996, the case was set for a jury trial on
March 10, 1997. At the time, Maria's attorney of record was Ben
Neece. The case was continued several times, and on November 24,
1998, the case was set for trial on February 16, 1999.

 On November 30, 1998, Ben Neece filed a motion to withdraw as
counsel. On December 31, 1998, Janet Leal filed a motion to withdraw
as the children's guardian ad litem. The court granted Leal's motion on
January 5, 1999, and Neece's motion on January 7, 1999. The trial
court appointed Lilia Gonzales as the children's guardian ad litem on
January 15, 1999. On February 12, 1999, Louis Sorola appeared as
counsel for Maria and requested a continuance so that he could prepare
for the trial since he had just been retained. The trial court denied the
motion.

 On February 19, 1999, the jury returned a verdict finding that the
Graydons should be appointed Sole Managing Conservators of E.C., Jr. 
The trial court appointed the Graydons Sole Managing Conservators of
E.C., Jr., and appointed Maria Sole Possessory Conservator of E.C., Jr. 
The trial court also appointed Maria Sole Managing Conservator of S.C.,
and gave the Graydons grandparent access to S.C.

2. Motion For Continuance of Maria Sanchez


 In their first issue, appellants assert the trial court erred in denying
Maria's motion for continuance. Appellants complain it was an abuse
of discretion for the trial court to deny the continuance because the
court allowed Maria's attorney to withdraw one month before trial, and
because her economic situation made it difficult to retain a new
attorney. Appellants contend the trial court should have granted
Maria's motion for continuance so that her new attorney could
investigate her case. Appellants further assert that as a result of the
denial of the continuance, "Attorney Sorola and Attorney Gonzales were
not able to defend the interests of Maria, E.C., Jr., and S.C. to remain
together as a family."(1) 

 The record reflects, however, that the alleged complaint was
preserved by Maria, not appellants. Maria's attorney announced "not
ready" at trial and requested a continuance. Attorney Gonzales,
appellants' guardian ad litem, announced "ready."(2) The trial court
denied Maria's request for a continuance. In accordance with Texas
Rule of Appellate Procedure 33, Maria preserved the complaint for our
review; appellants did not. See Tex. R. App. P. 33.

 Assuming, arguendo, that appellants did preserve this complaint
for our review, the announcement of "ready" waived the motion for
continuance. See Reyna v. Reyna, 738 S.W.2d 772, 775 (Tex.
App.--Austin 1987, no writ) (announcement of "ready" waives the right
to later seek a delay based upon any facts that are, or with proper
diligence should have been, known at the time of the announcement).

3. In the Interest of E.C., Jr., a Minor Child


 By their second issue, appellants complain the trial court erred in
signing the judgment because it does not have the standard possession
order for Mother's Day set out in the family code.(3) Appellants contend
the terms and conditions of the family code's standard possession order
for Mother's Day is a mandatory provision.

 Maria was appointed Sole Possessory Conservator of E.C., Jr. and
was given possession of E.C., Jr. on Mother's Day as follows:

10. Mother's Day. If MARIA MAGDALENA SANCHEZ is not
otherwise entitled under this Standard Possession Order to
present possession of the child on Mother's Day, she shall
have possession of the child beginning at 6:00 P.M. and
ending at 8:00 P.M. on that day provided that she picks up
the child from the residence of the GRAYDONS and returns
the child to that same place. 


 E.C., Jr. contends that the Graydons' strong desire to terminate
the bond between Maria and himself led them to prepare a proposed
judgment, which was signed by the judge, that offered only two hours
on Mother's Day for visitation between himself and Maria. Because
E.C., Jr. wants to spend Mother's Day with Maria, appellants argue
that family code section 153.251 provides that a possessory
conservator shall be granted a standard possession order, and the trial
court signed a judgment that disregarded this provision. The Graydons
argue that Maria is not the biological or adoptive mother of E.C., Jr.,
and technically does not fall under the terms set out for Mother's Day
visitation in the family code's standard possession order. 

 The best interest of the child shall always be the primary
consideration of the court in determining questions of managing
conservatorship, possession, and support of and access to a child. Tex.
Fam. Code Ann. § 153.002 (Vernon 1996). Trial courts have wide
discretion in determining what is in the best interest of the child. 
Weimer v. Weimer, 788 S.W.2d 647, 650 (Tex. App.--Corpus Christi
1990, no writ). The trial court's judgment regarding what serves the
best interest of the children with regard to child support and visitation,
specifically the establishment of terms and conditions of the
conservatorship, is a discretionary function of the trial court and will
only be reversed upon a determination that the trial court has abused
its discretion. MacCallum v. MacCallum, 801 S.W.2d 579, 582 (Tex.
App.--Corpus Christi 1990, writ denied). This is because the trial court
is in the best position to observe the demeanor and personalities of the
witnesses and can feel forces, powers, and influences that cannot be
discerned by merely reading the record. In the Interest of T____, 715
S.W.2d 416, 418 (Tex. App.--Dallas 1986, no writ). The test for abuse
of discretion is whether the trial court acted without reference to any
guiding rules or principles; in other words, whether the act was
arbitrary or unreasonable. Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990).

 If a possessory conservator is appointed, the court must specify
that person's rights and duties, and must specify and expressly state
in the order the times and conditions for possession of or access to the
child. Tex. Fam. Code. Ann. § 153.006(c) (Vernon 1996). 

 In the present case, the court gave Maria possession of E.C., Jr.
from 6:00 p.m. to 8:00 p.m. on Mother's Day. The guidelines referred
to by appellant as requiring standard possession order visitation on
Mother's Day appear on their face to apply to only a parent possessory
conservator.(4) Section 153.251 reads: the guidelines established in the
standard possession order are intended to guide the courts in ordering
the terms and conditions for possession of a child by a parent named
as a possessory conservator or as the minimum possession for a joint
managing conservator. Tex. Fam. Code Ann. § 153.251(a) (Vernon 1996)
(emphasis added). Further, the standard possession order set forth in
section 153.314: 

(6) if a conservator, the mother shall have possession of the
child beginning at 6 p.m. on the Friday preceding Mother's
Day and ending on Mother's Day at 6 p.m., provided that, if
she is not otherwise entitled under this standard order to
present possession of the child, she picks up the child from
the residence of the conservator entitled to possession and
returns the child to that same place.


Tex. Fam. Code Ann. § 153.314 (6) (Vernon 1996) (emphasis added). 


 A statute shall be liberally construed to achieve its purpose and
promote justice. Tex. Gov't Code Ann. § 312.006 (Vernon 1998). 
Regardless of whether we find that the standard possession order
applies to Maria or not, section 153.251 states that "the guidelines
established in the standard possession order are intended to guide the
courts in ordering the terms and conditions for possession. . . ." See
Tex. Fam. Code Ann. § 153.251(a) (Vernon 1996). Thus, the standard
possession order serves as a tool for determining possession, and the
court has the ability to alter the terms when it is in the best interest of
the child and devise a possession order that is suitable for the custody
situation at issue. 

 In this instance, the order allowed Maria two hours with E.C., Jr.
on Mother's Day. After reviewing the record, we conclude it was not
an abuse of discretion for the trial court to limit Maria's possession of
E.C., Jr. on Mother's Day to two hours, given that the time allocation
allows E.C., Jr. to celebrate Mother's Day with Maria and separately
with the Graydons.

 We note that E.C., Jr. testified he considers Maria his mom. 
However, the trial court was in the best position to determine the best
interest of E.C., Jr., and we will not reverse this determination absent
an abuse of discretion. Because we find the trial court did not abuse its
discretion, we overrule appellants' second issue.

4. In the Interest of S.C., a Minor Child


 In their third issue on appeal, appellants contend the trial court
erred in granting the Graydons a standard possession order rather than
reasonable access to S.C. Appellants argue that it is not in S.C.'s best
interest that the Graydons have possession of her beyond the second
and fourth weekend of the month.

 The judgment of the trial court appointed Maria as Sole Managing
Conservator of S.C., and awarded the Graydons " grandparent access
to the minor child, S.C., and afforded standard family code visitation
with such child as stated in this Order." The standard possession order
then gave the Graydons "possession of" S.C. on:

(1) the second and fourth weekend of each month;


(2) in odd-numbered years, beginning at 6 p.m. on the day
school is dismissed for the Christmas school vacation
to noon on December 27th; in even-numbered years,
beginning at noon on December 26th and ending at 6
p.m. the day before school resumes;


(3) in even-numbered years, beginning at 6 p.m. on the
day S.C. is dismissed from school before Thanksgiving
and ending at 6 p.m. on the day before school
resumes;


(4) spring break in odd-numbered years;


(5) thirty days during summer vacation;


(6) from 6 p.m. to 8 p.m. on S.C.'s birthday;


(7) on 6 p.m. on the Friday preceding Father's Day and
ending at 6 p.m. on Father's Day; and


(8) 4 p.m. to 6 p.m. on Mother's Day.


Appellants argue that the judgment goes beyond reasonable access to
S.C.

 Section 153.433 of the family code provides:

The court shall order reasonable access to a grandchild by a
grandparent if:


(1) at the time the relief is requested, at least one
biological or adoptive parent of the child has not had
that parent's parental rights terminated; and


(2) access is in the best interest of the child, and at least
one of the following facts is present:


 (A) the grandparent requesting access to the child is
a parent of a parent of the child and that parent of
the child has been incarcerated in jail or prison
during the three-month period preceding the filing
of the petition or has been found by a court to be
incompetent or is dead;


 (B) the parents of the child are divorced or have been
living apart for the three-month period preceding
the filing of the petition or a suit for the
dissolution of the parents' marriage is pending;


 (C) the child has been abused or neglected by a
parent of the child;


 (D) the child has been adjudicated to be a child in
need of supervision or a delinquent child under
Title 3;


 (E) the grandparent requesting access to the child is
the parent of a person whose parent-child
relationship with the child has been terminated
by court order; or


 (F) the child has resided with the grandparent
requesting access to the child for at least six
months within the 24-month period preceding
the filing of the petition. 


Tex. Fam. Code Ann. § 153.433 (Vernon Supp. 2000).


 In this case, Isabel Graydon is the parent of E.C., Sr., who is
serving three life sentences in a New York prison. The question
appellants bring before us is whether the access given to the Graydons
constitutes reasonable access.

 It is within the trial court's discretionary authority to determine
reasonable access to S.C. See In re Webster, 982 S.W.2d 526, 528
(Tex. App.--Amarillo 1998, no pet.) (trial court abused its discretion by
delegating its discretionary authority to determine reasonable access to
a child to the Texas Department of Protective and Regulatory Services). 
The family code, in section 153.433, only allows a trial court to grant a
grandparent reasonable access to, not possession of, a grandchild. See
Tex. Fam. Code Ann. § 153.433 (Vernon Supp. 2000).

 The family code does not define the terms "possession" and
"access." When a statute does not define a term, we apply the term's
ordinary meaning. Hopkins v. Spring Indep. Sch. Dist., 736 S.W.2d
617, 619 (Tex. 1987); Alexander v. State, 803 S.W.2d 852, 855 (Tex.
App.--Corpus Christi 1991, writ denied). We consult generally accepted
sources for common and legal definitions of words. Alexander, 803
S.W.2d at 855.

"Access" means:

freedom of approach or communication; or the means,
power, or opportunity of approaching, communicating or
passing to and from . . . "Access" to property does not
necessarily carry with it possession.

 

Black's Law Dictionary 13 (6th ed. 1990).


"Possession" means:


the detention and control, or the manual or ideal custody, of
anything which may be the subject of property for one's use
and enjoyment, either as owner or as the proprietor of a
qualified right in it, and either held personally or by another
who exercises it in one's place and name. Act or state of
possessing. That condition of facts under which one can
exercise his power over a corporeal thing at his pleasure to
the exclusion of all other persons. 

 

Black's Law Dictionary 1163 (6th ed. 1990).


 Children are not property; however, they are subject to control by
their parents and conservators. The distinction we glean between
"access to" and "possession of" children is the distinction between
access to and possession of property. Hopkins v. Hopkins, 853 S.W.2d
134, 137 (Tex. App.--Corpus Christi 1993, no writ.).

 A person with rights of "access to" children may approach them,
communicate with them and visit with them, but may not take
possession or control of the children away from the managing
conservator. Id. A person with rights to "possession of" children may
exercise possession and control of the children, to the exclusion of all
other persons including the managing conservator, during periods of
possession. Id. A person with rights of possession of children also has
rights and responsibilities toward their care and behavior. Id.; Cf.
Blalock v. Blalock, 559 S.W.2d 442, 443 (Tex. App.--Houston [14th
Dist.] 1977, no writ) (possessory conservator has duty to provide for
child during periods of possession but the duty is limited to those
periods).

 Section 153.433 of the family code only allows a trial court to
grant a grandparent reasonable access to, not possession of, a
grandchild. We hold the trial court abused its discretion by ordering
that the Graydons have a standard possession order as to S.C. because
the order grants the Graydons "possession of" S.C., rather than
"reasonable access." Accordingly, we sustain appellants' third issue.

 As to E.C., Jr., we affirm the trial court's judgment. As to S.C., we
reverse the trial court's judgment that the Graydons have a standard
possession order and remand that part of the case to the trial court for
further proceedings consistent with this opinion.


 FEDERICO G. HINOJOSA

 Justice


Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 31st day of August, 2000.

1. E.C., Jr. and S.C. say that the guardian ad litem was appointed in January
1999, and that she did not speak to them prior to the trial. This fact is not relevant
to the issue of Maria's motion for continuance. But if Ms. Gonzales did not speak
with the children before the trial, she probably should not have announced ready for
trial.
2. As the children's guardian ad litem, Gonzales represented the interests of E.C.,
Jr. and S.C., not Maria. See Ray v. Burns, 832 S.W.2d 431, 436 (Tex. App.--Waco
1992, no writ).
3. An order that provides for possession in accordance with the terms and
conditions of the guidelines is termed a standard possession order. Tex. Fam. Code
Ann. § 101.029 (Vernon 1996).
4. The family code separates the discussion of a parent possessory conservator
in subchapter E and a nonparent conservator in subchapter G. In between the two,
subchapter F discusses the terms and conditions of a standard possession order. The
title of the sections in subchapter F appear to refer only to parent conservators
because the word "parent" is used in the titles (i.e., section 153.312 Parents Who
Reside 100 Miles or Less Apart); but we note that sometimes the word "parent" in
a statute includes one who merely occupies the position of a parent. See Hendricks
v. Curry, 401 S.W.2d 796, 801 (Tex. 1966); see also Tex. Gov't Code Ann. section 
311.023 (Vernon 1998) ("In construing a statute, whether or not the statute is
considered ambiguous on its face, a court may consider among other matters the: (7)
title (caption)....") and Tex. Gov't Code Ann. section 311.024 (Vernon 1998) ("The
heading of a title, subtitle, chapter, subchapter, or section does not limit or expand
the meaning of a statute."). We do not attempt to decide whether subchapter F's
guidelines for a standard possession order applies to nonparents because regardless
of its application the trial court has the ability to consider the best interest of the child
and construct the possession order accordingly, which may require the court to
deviate from the guidelines. The standard possession order serves as a guide, but the
court's main consideration is the best interest of the child.