**Opinion filed June 5, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00105-CV

_____

## IN THE INTEREST OF I.C.N., A CHILD

**On Appeal from the County Court at Law
Ector County, Texas
Trial Court Cause No. CC-18,693**

## M E M O R A N D U M   O P I N I O N

Jesus Manuel Navarrette challenges the trial court's order in which it suspended his right to visitation with his child I.C.N. "until [Navarrette] is released from prison and properly applies to the Court to have visitation restored or reviewed." We affirm in part and reverse and remand in part.

When Navarrette and Isela Juarez divorced in 2006, they entered into an agreed parenting plan concerning I.C.N., and the parties apparently adhered to the visitation schedule agreed to in that plan, including visits with I.C.N.'s grandmother Juanita Muniz. When Navarrette was arrested for aggravated sexual assault and incarcerated in the Ector County Jail, however, Isela no longer permitted I.C.N. to visit her father or her father's family. Navarrette was convicted

and sentenced to seventy-five years in prison, and he is currently incarcerated in the Eastham Unit of the Texas Department of Criminal Justice.

Navarrette filed a motion to enforce and to modify in which he asked the trial court to transfer his visitation rights to Muniz under the grandparent access statute. *See* TEX. FAM. CODE ANN. § 153.433(a) (West 2014). However, Muniz was never made a party to the suit. The trial court conducted a telephonic hearing during which Navarrette testified about the agreed parenting plan, his arrest and conviction, and the subsequent deviation from the plan. Navarrette also told the trial court that he wished to continue his child support obligation because he planned to pay it in full once he was released from prison and was hopeful that his conviction would be overturned on appeal. At the conclusion of Navarrette's testimony, the trial court indicated that it would also hear testimony from Isela, Muniz, and Navarrette's niece after it conducted a telephonic hearing with an inmate from another case.

When the proceeding resumed later that day, the trial court was informed that Isela and Muniz had agreed to a visitation schedule, and the trial court did not hear further testimony. Isela had agreed to allow Muniz and Navarrette's other family members to have possession of I.C.N. on the first weekend of every month as well as any other reasonable times as might be mutually agreed to in advance by Muniz and Isela. They also agreed about when and how the visitation would be implemented. Isela and Muniz also agreed that I.C.N. would "not be allowed to travel to go and visit [Navarrette] while he is in prison." The trial court then found that "it is not in the best interest of the child that she visit anyone who is in prison because of the kind of environment that it is in and the impressions it can make on young children."

Although the hearing was held in June 2012, the trial court did not issue its order until May 2013. According to the order, the trial court found that

2

modification was in the best interest of the child and ordered, among other things, "that all visitation rights of the father, [Navarrette,] be and is hereby suspended until his release from prison and then further order of the Court." This ruling is the subject of this appeal. Navarrette is the only one to file a brief in this court.

Determining the terms of possession or access by a possessory conservator is within the sound discretion of the trial court. *Thompson v. Thompson*, 827 S.W.2d 563, 566 (Tex. App.—Corpus Christi 1992, writ denied). The trial court's conservatorship determination is "subject to review only for abuse of discretion, and may be reversed only if the decision is arbitrary and unreasonable." *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)). Challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors to consider when we determine whether the trial court abused its discretion, and we apply a two-step analysis: (1) whether the trial court had sufficient evidence on which to exercise its discretion and (2) whether the trial court erred in its application of discretion. *Child v. Leverton*, 210 S.W.3d 694, 696 (Tex. App.—Eastland 2006, no pet.). The best interest of the child is the primary consideration in determining conservatorship and possession of and access to the child. FAM. § 153.002.

Navarrette, in his pro se brief, argues that the trial court erred when it suspended his visitation rights. He does not challenge the trial court's decision to grant visitation rights to Muniz but, rather, challenges the basis for the trial court's prohibition of visitation while he is incarcerated.

"[W]hen a trial court appoints a parent possessory conservator, it can conclude that unrestricted possession would endanger the physical or emotional welfare of the child, but that restricted possession or access would not." *In re Walters*, 39 S.W.3d 280, 286 (Tex. App.—Texarkana 2001, no pet.). "The court can also conclude that access would not endanger the physical or emotional

welfare of the child, but that access is not in the best interest of the child." *Id.* (citing *Hopkins v. Hopkins*, 853 S.W.2d 134, 137–38 (Tex. App.—Corpus Christi 1993, no writ)). The limitations on a parent's right to possession of or access to the child "may not exceed those that are required to protect the best interest of the child." FAM. § 153.193. Thus, an order in which the court completely denies access to the child requires the trial court to find that denial of access is in the best interest of the child.

Uncontroverted testimony that visiting a parent in prison is not in the child's best interest is sufficient to support a trial court's finding that a prohibition on visitation in prison is in the best interest of the child. *In re T.R.D.*, No. 03-09-00150-CV, 2010 WL 2428426, at *4 (Tex. App.—Austin June 18, 2010, no pet.) (mem. op.). In *T.R.D.*, the child's mother was in prison, and her parents sought custody of T.R.D. *Id.* at *1. The grandfather testified that he believed visitation was unworkable and not in T.R.D.'s best interest and that T.R.D.'s counselor recommended that T.R.D. not visit his mother in prison. *Id.* at *3. The mother failed to contest this testimony or show that a prohibition on visitation was not in the best interest of the child. *Id.* at *4. The court of appeals reasoned that, while "confinement to prison is not alone sufficient to prohibit visitation," uncontroverted evidence that visitation was not in the best interest of the child was sufficient to support a prohibition on visitation. *Id.*

Here, the trial court found that it was not in the best interest of the child to visit Navarrette. The trial court's order reflects findings that Navarrette was "in prison for aggravated sexual assault . . . for 75 years" and that "[i]t would be traumatic for the child to travel long distances and visit the father in prison, having to go through prison security for a visit." At the hearing, the trial court found that "it is not in the best interest of the child that she visit anyone who is in prison because of the kind of environment that it is in and the impressions it can make on

4

young children." However, there was no evidence of the prison environment or of the impressions it can leave on children. Additionally, there was no evidence of why it is traumatic to travel long distances, go through prison security, and visit a parent in prison, and there was no evidence of the distance to the prison, the prison security measures, or the conditions surrounding visitation. Moreover, there was no testimony of any opinion from any witness that it was not in I.C.N.'s best interest to visit Navarrette in prison. Although trips to and visits in prison might not be in the best interest of some children, to others it might not be so detrimental as to not be in their best interest. Even though one might expect the reasons stated by the trial court to be generally correct, the finding nevertheless must be based upon evidence presented to the trial court as it relates to the best interest of the child involved. Here, there was no evidence of that; the only testimony offered was the telephonic testimony of Navarrette.

Because the trial court had insufficient evidence on which to exercise its discretion to deny such access as being not in the child's best interest, we conclude that it was an abuse of discretion to suspend Navarrette's visitation rights. *See* FAM. § 153.193; *Child*, 210 S.W.3d at 696. We sustain Navarrette's contention that the trial court erred when it suspended his visitation rights. We need not address Navarrette's remaining complaints because they would not result in greater relief. *See* TEX. R. APP. P. 47.1.

Normally, when a legal sufficiency challenge is sustained, we would reverse and render. However, when the interest of justice so requires, we may remand these kinds of cases to the trial court for further proceedings. *See generally Shook v. Gray*, 381 S.W.3d 540, 543 (Tex. 2012); *Chavez v. Chavez*, 148 S.W.3d 449, 461 (Tex. App.—El Paso 2004, no pet.).

In this case, the trial court did not hear evidence about whether suspending Navarrette's visitation rights would be in the best interest of the child because Isela

5

and Muniz, who was not a party to the suit, agreed that I.C.N. would not be allowed to visit her father in prison. It has been almost two years since the date of the hearing. One year of that time resulted from a delay in entering the order appealed from, and the case has been in this court for the remainder of that time. During that time, the desires and the circumstances of the parties may have changed, and such changes may have had an effect on I.C.N.'s best interest. Further, at the time of the hearing, Navarrette's conviction had not become final. Under these circumstances, we find it to be in the interest of justice not to simply render judgment in Navarrette's favor.

Accordingly, we reverse the portion of the order that suspends visitation, and we remand the cause to the trial court for it to conduct a hearing at which the trial court should hear evidence to determine whether it is in the best interest of the child to limit visitation, limit all types of access, or to deny access altogether. In all other respects, the judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


June 5, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6