

**NUMBER 13-15-00242-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**IN THE INTEREST OF J.S., J.S., AND BABY BOY P., CHILDREN**

**On appeal from the County Court at Law No. 5
of Nueces County, Texas.**

# ORDER

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Order Per Curiam**

This case involves the trial court's appointment of N.R., a non-parent, as permanent managing conservator of appellant J.P.'s children, J.S., J.S., and Baby Boy P., and the trial court's order regarding visitation rights, if any, for J.P.[1] By her sole issue,

---

[1] We will refer to appellant as J.P. and her children as J.S., J.S., and Baby Boy P. *See* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2015 R.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only."); *see also* TEX. R. APP. P. 9.8(b) (providing that in a parental-rights termination case, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member").

We also note that the parties refer to N.R. as "grandma" and as "fictive kin." The trial court ordered "Permanent Managing Conservatorship of all children to current fictive kin placement, [N.R.]."

J.P. contends that the trial court abused its discretion in ordering that visitation with the children be "at the discretion of the managing conservator" and by failing to set the specific terms and conditions of her possession and access to the children. We abate and remand this matter to the trial court.

## I. BACKGROUND

On April 14, 2014, appellee the Department of Family and Protective Services (the Department) filed a petition for conservatorship and termination of the parent-child relationship between J.P., the respective fathers, and the children. Ten days later, the trial court named the Department temporary managing conservator of the three children. The children were placed with N.R., and according to the ad litem for the children and counsel for the Department, the placement was "great" and "safe" and the children did not "want to go back to mom."

The Department repeatedly advised the trial court that it was seeking to terminate the parental rights of J.P. and was opposed to an arrangement where N.R. would be given permanent managing conservatorship without termination of parental rights. The Department expressed concern that J.P. would continue to cause problems for the children's placement and requested that if the trial court did not terminate parental rights, that visits for J.P. be at N.R.'s discretion because it would put N.R. in "a position where she knows going forward that the children will always be safe because she has full legal authority to make those decisions." On April 27, 2015, J.P., however, filed a motion with the trial court requesting standard visitation with the children.

Following a April 29, 2015 review hearing where the Department reiterated its position that it was seeking to terminate all parental rights to the children, the following exchange occurred:

| The Trial Court: | Do you oppose me granting—does any party other than the Department oppose me granting [permanent managing conservatorship] to the placement [N.R.] today? |
|---|---|

. . . .

| J.P.'s Counsel: | No, Your Honor. |
|---|---|
| Attorney ad litem: | No, as long as it's sole managing conservatorship with complete discretion. |

. . . .

| The Trial Court: | Well, that's what I'm—you're opposed to it? |
|---|---|
| The Department: | Absolutely, your Honor. I'm opposed to it, but if the Court does grant [permanent managing conservatorship], we'd ask that visitation be fully at placement's discretion. Parents have to understand that they can't have visits with these children unless they can work out something amicable with grandma, and if they can prove that those visits will be safe and the children won't be afraid—if the children don't want to visit parents, they're not going to visit parents. |
| The Trial Court: | And this is the thing—I say this a lot—it's a lot easier to get bees with honey, and maybe that will be good for them because they'll be in a situation where they'll have to be nice. I mean, that's how things get worked out. |

After explaining that it would take the case under advisement, the trial court asked if there was "[a]nything else anybody has to add?" Only the Department's counsel answered, "No."

On April 30, 2015, the trial court advised the parties of its ruling, via email, which provided in relevant part: "Based on no objections by respondents, Permanent Managing Conservatorship of all children to current fictive kin placement N.R. All visitation at her discretion. . . . That is the Order of the court . . . ." On June 19, 2015, the trial court signed its "Final Order in Suit Affecting the Parent-Child Relationship." It found "that

3

appointment of a parent or both parents as managing conservator would not be in the best interest of the [children] because the appointment would significantly impair the child's physical health or emotional development." At section 7.1 of the final order, the trial court repeated the language quoted above and ordered the appointment of N.R. as permanent managing conservator of the children and limited visitation to her discretion.

## II.    ABATEMENT

Now, on appeal, J.P. states that "[t]he order entered by the trial court grants [her] visitation with the children at the discretion of the permanent managing conservator," and she complains of that restriction. Yet J.P. appears to complain that the trial court did not appoint her possessory conservator of the children or that it limited her possession in such a way, without making certain findings, as to be a non-appointment. *See* TEX. FAM. CODE ANN. §§ 153.191, 153.193 (West, Westlaw through 2015 R.S.). We also note that while the order does not specifically appoint J.P. a possessory conservator, the limited discretionary visitation language appears to be a restriction on such possession or access.

Accordingly, we ABATE the appeal and REMAND the cause to the trial court for clarification.[2] Upon remand, the trial court shall address whether it intended its June 19 final order to appoint J.P. possessory conservator of the children and whether it intended the referenced restriction to apply to such possession. *See Hopkins v. Hopkins*, 853 S.W.2d 134, 137–38 (Tex. App.—Corpus Christi 1993, no pet.); *see also In re Marriage of Collier*, 419 S.W.3d 390, (Tex. App.—Amarillo 2011, no pet.); *In re Walters*, 39 S.W.3d 280, 286–87 (Tex. App.—Texarkana 2001, no pet.). The trial court shall cause its findings

---

[2] Because we have abated the appeal, the original submission date of December 14, 2015 has been withdrawn.

and recommendations regarding J.P.'s possessory conservatorship and any restrictions on that conservatorship to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. The appeal will be reinstated upon receipt of the foregoing materials and upon further order of this Court.

PER CURIAM

Delivered and filed the
15th day of December, 2015.